UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHRISTOPHER CHARLES WOOD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:06-CV-631
(Criminal Case No. 1:04-CR-205)

HON. GORDON J. QUIST

**ORDER OF TRANSFER**

  The Court has before it Christopher Charles Wood's ("Petitioner") Motion For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(6). In particular, Petitioner seeks relief from this Court's October 26, 2006, Order dismissing his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody with prejudice and denying a certificate of appealability. Petitioner contends that he is entitled to relief because his signature on his § 2255 motion was forged and that is why he did not state additional grounds for relief, including ineffective assistance of counsel and fraud on the court. For the reasons set forth below, Petitioner's motion is recharacterized as a second or successive motion under § 2255 and will be transferred to the United States Court of Appeals for the Sixth Circuit.

  Petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On February 22, 2005, this Court sentenced Petitioner to 156 months incarceration. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, and his conviction and sentence were affirmed.

  Petitioner timely filed his § 2255 motion on September 1, 2006 alleging that the district court erred when it ordered Petitioner to submit to urine testing as a condition of supervised release

without placing any limit on the number of drug tests and that the district court erred in imposing a period of supervised release. This Court found that both of Petitioner's claims were procedurally defaulted because Petitioner did not raise them on direct appeal. On October 26, 2006, this Court entered an order dismissing the motion with prejudice and denying a certificate of appealability. Petitioner has now filed this Rule 60(b) motion alleging that his signature on the § 2255 motion was forged and mistakenly filed by another inmate and as a result he did not get the opportunity to present his claim of ineffective assistance of counsel and fraud upon the court.

A Rule 60(b) motion for relief from judgment that challenges the substantive claims raised in the earlier petition "is the practical equivalent of a successive habeas corpus petition." *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996). The Supreme Court has addressed the interrelationship between Rule 60(b) and successive habeas petitions under 28 U.S.C. §§ 2254 and 2244(b) following adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. §§ 2244(b), 2254, 2255. *See Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005). The *Gonzalez* Court held that a Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 2647-48. Under the changes made by the AEDPA, § 2255, like § 2244(b), bars this Court from considering a second or successive petition absent authorization by a panel of the Sixth Circuit under the procedures set forth in § 2244. *See* 28 U.S.C. §§ 2255, 2244; *Clay v. United States*, 537 U.S. 522, 524-25 (2005) (indicating that §§ 2254 and 2255 should be construed in consistent manner). As a result, the reasoning of *Gonzalez* is equally applicable in the context of § 2255. *See In re Nailor*, No. 06-6445, 2007 WL 1555784, at *3 (6th Cir. May 31, 2007) (holding that the *Gonzales* Court's reasoning applies to motions under § 2255 as well as petitions under § 2244).

2

Here, Petitioner seeks relief from the Court's October 26, 2006, Order, asserting a violation of his constitutional rights. Petitioner's Rule 60(b) motion raises a new substantive claim and, therefore, under *Gonzalez*, the instant motion must be considered a second or successive petition under § 2255. *See Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005) (emphasizing that *Gonzalez* prohibits a district court from exercising jurisdiction over any Rule 60(b) motion that seeks merit-based review). Although Petitioner does claim that his prior § 2255 motion was invalid because his signature was forged, he merely uses this as a vehicle to introduce his new substantive claims. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from this Court's October 26, 2006, Order (docket no. 6) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall **TRANSMIT** the file to the Clerk of the Court of Appeals.


Dated: October 19, 2007               /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE

3